IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Eddie Blash, Jr., | ) | Case No. 8:13-cv-1892-RMG-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden of Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 22.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on July 2, 2013.[1] [Doc. 1.]  On December 31, 2013, Respondent filed a motion for summary judgment and a return and memorandum.  [Docs. 22, 23.]  On January 2, 2014, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion.  [Doc. 24.] Petitioner filed a response on March 6, 2014. [Doc. 30.]  On March 27, 2014, the Court granted Respondent's motion to expand the record and include a previously unavailable transcript from certain state court proceedings. [Doc. 33.] The

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on July 2, 2013.  [Doc. 1-3 (envelope stamped on July 2, 2013).]

Court allowed Petitioner until April 10, 2014, to respond to the additional documents. [*Id.*] Petitioner filed a response in opposition to the motion to supplement on April 9, 2014. [Doc. 36.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at Lieber Correctional Institution. [Doc. 1.]   In June of 2000, Petitioner was indicted for possession of more than 400 grams of cocaine.  [Doc. 23-5 at 65.] Petitioner went to trial on August 13, 2001, and was convicted by a jury of the charge on August 16, 2001. [Docs. 23-1 – 23-5.]  Judge B. Hicks Harwell, Jr. sentenced Petitioner to thirty years in prison. [Doc. 23-5 at 66.]

**Direct Appeal**

Petitioner did not file a direct appeal of his conviction or sentence. [Doc. 23 at 2.]

**PCR Proceedings**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on August 16, 2002.  [Doc. 23-5 at 66–77.] Petitioner alleged he was being held in custody unlawfully based on ineffective assistance of counsel, because counsel failed to file a timely notice of appeal. [*Id*. at 72.] Petitioner requested a belated appeal pursuant to *White v. State*, 208 S.E.3d 35 (S.C. 1974).  [*Id*.] The PCR court held an evidentiary hearing on October 14, 2004, and granted Petitioner a *White v. State* appeal and 30 days to file an

amended PCR application, which Petitioner did through his attorney Scott P. Floyd ("Floyd"). [Doc. 23-5 at 82–91.] Therefore, two grounds were before the PCR court: (1) "my lawyer failed to file an appeal after he was requested to do so;" and (2) my lawyer failed to object to the testimony of witness Lowman Timmy Arush, III." [*Id*. at 89.][2]

On December 12, 2007, a hearing was held before Thomas A. Russo on Petitioner's PCR application, at which Petitioner was represented by Floyd. [Doc. 32-1.] Petitioner and his trial counsel, Hank Anderson, both testified at the hearing. [Doc. 32-1.] On January 8, 2008, the PCR court issued an order denying and dismissing Petitioner's application with prejudice. [*Id*. at 120–27.] In denying the application, the PCR judge found that:

> [T]he allegation that trial counsel's representation fell below reasonable professional norms is without merit. This Court finds trial counsel's testimony to be more credible than that of the [Petitioner]. This Court finds that trial counsel's trial strategy in dealing with Rush's testimony fell within reasonable professional norms for a trial attorney. Trial counsel objected several times to hearsay and to leading. In addition, he used the inconsistencies to his client's advantage as much as he could. Trial counsel was able to demonstrate to the jury that Rush's testimony was questionable and not credible. The fact that the jury still found the [Petitioner] guilty does not render trial counsel ineffective.

[*Id*. at 126.] The PCR court did note that Petitioner was still entitled to his direct appeal.

[*Id*. at 121.]

**Belated Direct Appeal**

On July 23, 2010, represented by Kathrine H. Hudgins of the South Carolina Commission on Indigent Defense, Petitioner filed a writ of certiorari with the South Carolina

---

[2] Petitioner filed a second amended, pro se PCR application in June 2005, setting out additional grounds for relief. However, the PCR court found that this amended application was not to be considered because it was untimely and because Petitioner was represented by counsel at the time of the filing and hybrid representation is prohibited  [Doc. 23-5 at 123, citing *State v. Stuckey*, 508 S.E.2d 564 (1998).]

Supreme Court. [Doc. 23-7.] The State did not object to the writ being granted [Doc. 23-9] and the South Carolina Supreme Court granted the writ pursuant to *White v. State* on December 1, 2011. [Doc. 23-11.]   Petitioner presented one issue on appeal: "did the trial judge abuse his discretion in imposing the maximum sentence because petitioner would not admit guilt following a jury trial." [Doc. 23-8 at 4.] The Supreme Court held oral arguments and determined that Petitioner's sentence was imposed in violation of his constitutional rights. [Doc. 23-12.] The case was reversed and remanded for re-sentencing. [*Id*.]   Remittitur issued on April 16, 2012. [Doc. 23-12.]

Petitioner was re-sentenced on May 8, 2012, to 28 years of imprisonment. [Doc. 23-14.]   Petitioner attempted to file a notice of appeal of his new sentence on May 11, 2012. On October 12, 2012, the South Carolina Court of Appeals notified Petitioner that his notice of appeal was deficient because he did not provide a proof of service on the state's counsel. [Doc. 23-15.]   Petitioner submitted proof of service, dated October 18, 2012; thereafter, on November 1, 2012,  the South Carolina Court of Appeals dismissed the appeal as untimely.  [Doc. 23-16.]   Petitioner filed a petition for rehearing and on February 11, 2013, the Court of Appeals denied the petition. [Doc. 23-17.] Remittitur issued on March 20, 2013. [Doc. 23-18.]   Petitioner appealed the Court of Appeal's dismissal to the South Carolina Supreme Court, which was dismissed as untimely on April 12, 2013. [Doc. 23-19.]

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on July 2, 2013, pursuant to 28 U.S.C. § 2254.  [Doc. 1.]  Petitioner raises the following ground for relief, quoted verbatim:

Ground One

Dismissal of notice of appeal, dismissal reconsideration motion by the Court of Appeals.  Petition for rehearing is denied by the Supreme Court of South Carolina and Court of Appeals.

*Supporting facts*:    Erred in their dismissal of notice of appeal and reconsideration motion.    Petition[er] file[d] his reconsideration motion of dismissal, that were timely file to Court of Appeals and Supreme Court of S.C. Petition[er's] facts documents proves to the courts of his timely file appeals.  Petition[er] showing proof of his legal mail of when he received and mail out from institution mail room at Kirkland R&E, and Lieber C.I. Petition[er] showing of his filing documents is within a timely manner.  See:  copy of legal mail, stamped envelopes to institutions mailrooms.  I file all documents accordingly, to as I receive them from the Court of Appeals and the Supreme Court of S.C.

[Doc. 1-4 at 5.]

## **APPLICABLE LAW**

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se petition is still subject to summary

dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows
> that there is no genuine dispute as to any material fact and the
> movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must

6

demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

***Procedural Bar***

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (I) there is an absence of available State corrective process; or
>>
>>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

9

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[3] Further, strict time deadlines govern direct appeal and the filing

---

[3]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d

10

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

### Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state

---

at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477

U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.  In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply.  *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96.  A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel.  *Id.* at 487–89; *Reed*, 468 U.S. at 16.  Absent a showing of "cause," the court is not required

13

to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### Statute of Limitations

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme

14

Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows "(1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 2563.

## DISCUSSION

Respondent argues the Petition is time barred and that Petitioner has failed to establish he is entitled to equitable tolling. [Doc. 23 at 11–14.] Upon review, the Court agrees that the Petition is time barred but because Petitioner attempted to file a timely appeal, will consider the Petition on the merits.

**Expiration of Limitations Period**

Petitioner was found guilty on August 16, 2001. [Docs. 23-1 – 23-5.] However, because of his successful appeal and resentencing on May 8, 2012, his conviction became final on May 18, 2012.[4] [*See* Doc. 23-14]; *see also* S.C.A.R. 203(b). Consequently, Petitioner had one year from May 18, 2012—when time expired for Petitioner to seek further direct review—to file a federal habeas petition. 28 U.S.C. § 2244(d)(1); *Gonzalez*

---

[4] Respondent agrees that Petitioner's time limitation should be calculated from the date of his re-sentencing. [Doc. 23 at 11.]

*v. Thaler*, --- U.S. ---, ---, 132 S. Ct. 641, 653–54 (2012) (holding that a judgment becomes final for purposes of § 2244(d)(1) "when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires"); *Holland*, 130 S. Ct. at 2558.

Petitioner filed this action on July 2, 2013.[5]  Petitioner's statute of limitations expired on May 20, 2013;[6] therefore, Petitioner's habeas application is untimely by forty-two days. The one-year period in which to file a federal habeas petition is tolled during the pendency of a properly filed appeal or PCR application, 28 U.S.C. § 2244(d)(1)-(2).  However, here, Petitioner did not properly file his appeal.  He was first notified that his appeal was deficient because he failed to serve the State with the notice [Doc. 23-15], and subsequently the state court issued an Order, after Petitioner served the State, finding that his appeal was untimely under Rule 203 of the South Carolina Appellate Court Rules [Doc. 23-16.] The resentencing was held on May 8, 2012, and therefore under Rule 203, the appeal had to be served on all respondents within 10 days of the sentencing.  S.C.A.R. 203(b); [Doc. 23-16].  The state was not served until October 18, 2012. [Doc. 23-16.]  The Court of Appeals issued a remittitur after dismissing the case and denying Petitioner's motion for rehearing, upholding its decision that Petitioner's appeal was untimely. [Doc. 23-18.] In *Evans v. Chavis*, the Supreme Court reiterated that "only a *timely* appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of

---

[5] Respondent erroneously lists August 19, 2013, as the date Petitioner filed this action.  The Court has calculated the timeliness of the Petition from the appropriate date of July 2, 2013.

[6] Pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, when calculating time, the last day of the period must be included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Because the time period for Petitioner's statute of limitations ran on Saturday, May 18, 2013, Petitioner's deadline became Monday, May 20, 2013.

a notice of appeal in the higher court."  *Evans v. Chavis*, 546 U.S. 189, 197 (2006) (emphasis in original) (citing *Carey v. Saffold*, 536 U.S. 214 (2002)).

In *Gonzalez*, the Supreme Court made clear that the time for filing a habeas petition runs from the time when the judgment becomes "final," which for purposes of a state prisoner who does not seek review in a State's highest court, is the date upon which the time for seeking such review expires.  132 S.Ct. at 652–56.   The petitioner in *Gonzalez* argued that his time for filing his federal appeal should run from the time that the state court issued its mandate, and not from the date his sentence became final.  *Id.* at 654. The Court rejected such an argument, finding that it did not comport with the statutory language of § 2244(d)(1)(A) and determining that uniformity in federal habeas procedures required that the time for filing a habeas petition must run from the date upon which seeking further review expired.  Therefore, the Court is bound to determine that May 18, 2012, is the date upon which Petitioner's sentence became final and thus when his time for seeking appellate review expired.[7]  Petitioner's time to file a federal habeas petition thus ran from May 18, 2012, and as the Petition was not filed until July 2, 2013, the Petition is untimely.

**Equitable Tolling**

---

[7] *Gonzalez* is factually distinct from this case because there the Supreme Court considered when the time period should run in the case when a petitioner does not file a direct appeal. 132 S.Ct. at 652–56.  Here, Petitioner attempted to file a direct appeal but it was found to be untimely by the South Carolina Court of Appeals. [Doc. 23-16.]  Because Supreme Court precedent requires a timely appeal to toll the AEDPA's statute of limitations, the Court has proceeded on the determination that Petitioner's clock began to run on May 18, 2012.  However, because the Court has found that Petitioner may be entitled to equitable tolling, the Court has proceeded to consider the Petition on the merits.  Therefore, even if the Court determined that Petitioner's appeal was properly filed, that the time period should run from fifteen days after the date upon which the Court of Appeals denied Petitioner's request for rehearing (*see* S.C.A.C.R. 221(a); 242(c)), and that the instant Petition was timely, the motion for summary judgment should still be granted on the merits.

17

Petitioner argues that he attempted to file an appeal in a timely fashion, and thus he should be entitled to equitable tolling.

As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390, 8 L. Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly.  We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L. Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted).  The Fourth Circuit has underscored the very limited circumstances in cases subject to the AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any

18

> resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[8]   The Supreme Court has suggested that equitable tolling is justified to relieve the operation of a limitations bar due to egregious unprofessional attorney misconduct, such as abandoning the client; a last minute change in representation beyond the client's control; failing to conduct essential services of representation like communicating with the client and performing basic legal research; and denying the client access to files and misleading the client. *Holland*, 130 S. Ct. at 2564 (citations omitted).  Further, as previously stated, the Supreme Court has held that, in addition to demonstrating extraordinary circumstances prevented the petitioner from timely filing, the petitioner must demonstrate he has been diligently pursuing his rights. *Id.* at 2562.

Here, Petitioner argues that he did in fact file his appeal within the ten-day window following his resentencing hearing. [Doc. 30 at 1.] Petitioner's attachments do demonstrate that the Petitioner did in fact file his notice of appeal with the Florence County court on May 11, 2012. [*Id.*]  However, also in his attachments to his response, he acknowledges that he did not know and follow the dictates of Rule 203, which required him to serve the state

---

[8]Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly. *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

during the requisite time period. [Doc. 30-1 at 17.] While Petitioner may have filed his appeal with the state court during the requisite time period, he did not serve the respondents within such period, as required by the statute.  Typically, the lack of knowledge is not a circumstance in which either respondents or some other extraordinary circumstance outside of Petitioner's control prevented him from filing his claim, as is typically required for equitable tolling.  "Petitioner's pro se status and any attendant lack of knowledge of the law is not the type of extraordinary circumstances which would justify equitable tolling." *Williams v. Warden*, Case. No. JFM-09-CV-2427, 2010 WL 1759575, at *2 (D. Md. Apr. 30, 2010).  However, the Court is concerned that the state did not inform Petitioner that his appeal was deficient for five months, well after he could address the deficiency in a timely manner. [Doc. 23-15, showing that the South Carolina Court of Appeals notified Petitioner of the deficiency on October 12, 2012].  Because this is arguably a State impediment to Petitioner's right to timely appeal, the Court will in an abundance of caution proceed to consider the Petition on the merits.

**Merits**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2).  The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses

independent meaning.").  The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06.  On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407–08; *see also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.").  Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners.  *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008)

**Ground One**

Respondent is entitled to summary judgment on Ground One because it solely raises matters of state law. Petitioner complains that the state court erred in its dismissal of his appeal and in denial of his motion for rehearing because he attempted to file his appeal in a timely manner. "It is black letter law that a federal court may grant habeas relief 'only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998) (quoting 28 U.S.C. § 2245(a)). In *Wright*, the petitioner raised a jurisdictional claim in his habeas petition, arguing that the state lacked jurisdiction over two of the counts against him because the proper procedure was not followed in transferring the counts from juvenile to circuit court. *Id.* "Because [petitioner's] claim, when pared down to its core, rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review. *Id.* (citing *Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998)).

The same analysis is applicable here. Petitioner's contention rests solely on state law, which is not within the purview of this Court. Petitioner alleges that the state court should have equitably tolled his time in which to file a direct appeal and given him an exception to the state rule of procedure requiring service on respondents within ten days of sentencing. "How South Carolina courts interpret South Carolina statutes of limitation or rules of appellate procedure are beyond federal habeas review." *McCleary v. Smith*, 2012 WL 3598759, at *3 (D.S.C. Aug. 20, 2012). Petitioner raises no federal claim, such

as ineffective assistance of counsel,[9] for the Court to consider.  Therefore, summary judgment in favor of Respondent  is appropriate.

### CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

April 25, 2014
Greenville, South Carolina

---

[9] As Respondent noted, if Petitioner wished to raise a claim that his re-sentencing counsel was ineffective for failing to file the proper notice of appeal, he would have a remedy in state court in attempting to secure belated review of any direct appeal issues under *White v. State*.  Such a claim would have to be exhausted in the state courts before being reviewed in a federal habeas proceeding.